▪ In the Matter of L. C. L. CORPORATION, Petitioner, against STATE TAX COMMISSION, Respondent.— Proceeding under article 78 of the Civil Practice Act transferred to this court to review a final determination of the State Tax Commission which sustained franchise taxes assessed against the petitioner for the years 1949 to 1955, inclusive. Petitioner is a Delaware corporation having only a statutory office there. Its principal and only office and place of business is in New York City. Section 209 of the Tax Law provides for a franchise tax upon both domestic and foreign corporations. Section 210 of the Tax Law provides for the allocation of income upon which the tax is payable in the State of New York under various circumstances, but we are concerned here only with that portion of section 210 (subd. 3, par. [a], cl. [4]), which reads: "provided, however, that if the taxpayer does not have a regular place

of business outside the state other than a statutory office, the business allocation percentage shall be one hundred percent". The petitioner concedes that it comes squarely within this language, but inasmuch as it asserts that a substantial portion of its income is derived from outside the State, it claims the quoted portion of the statute is unconstitutional in its application to petitioner. Respondent's first contention is that inasmuch as the question of constitutionality was not raised at the hearings it may not be raised for the first time on appeal. We pass that contention, however, because in our view the facts presented by this record present neither a question of constitutionality nor allocation. Briefly, the petitioner is engaged in the business of leasing shipping containers to railroads. They are large containers suitable for transporting certain commodities on railroad cars. Petitioner hires the containers manufactured by various manufacturers and rents them for long terms to railroads. A particular railroad lessee picks up the containers at the manufacturer's plant, and by the terms of its agreement with petitioner, the railroad maintains and repairs the containers thereafter, and contracts with shippers for hauling their products in the containers. The agreement provides that the railroad pay to petitioner a rental equal to 20% of the amount the railroad receives for hauling the loaded containers. Petitioner has no contract with the shipper and petitioner does not transport the containers anywhere, in interstate commerce or otherwise. Because the rental paid to petitioner is measured by a percentage of the amount received by the railroad for hauling the loaded containers does not put petitioner in the transportation business nor does it establish that petitioner is doing business in any State other than New York. So far as it appears from this record, petitioner is engaged in New York in the business of leasing shipping containers and derives its income therefrom. There is no multiple taxation present and no present conceivable risk of multiple taxation. Determination unanimously confirmed, with $50 costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.